UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 09-166-JBC

UNITED STATES OF AMERICA,                PLAINTIFF,

V.      **MEMORANDUM OPINION AND ORDER**

JUAN M. WARNER,                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

   This matter is before the court on defendant Juan Warner's motion to suppress. R. 45. For the reasons below, the court will deny the motion.

   Warner was arrested on October 28, 2009, for use of a dangerous weapon to assault a United States Postal Service employee engaged in official duties. Following his arrest, Warner was questioned by Postal Inspectors Kyle Erhardt and Roberta Bottoms. Warner signed a Waiver of Rights form prior to the interview at 4:45 PM on October 28, 2009. While there is space at the bottom, no one signed the form as a witness. An incident report from Boyle County Detention Center indicates that at 7:45 PM that same day, Warner experienced a "mental health episode." Warner argues that because of his mental health issue, he did not make a voluntary, knowing and intelligent waiver of his rights. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

   Warner voluntarily waived his *Miranda* rights because his waiver was not the result of coercion. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). Even

1

assuming Warner was suffering from a mental episode at the time he signed the waiver, there must be some element of coercion in order for a waiver to be found involuntary. As Warner does not argue that he was coerced by the postal inspectors into signing the waiver, the waiver was voluntarily made. Further, as Warner himself admits to signing the waiver, the fact that it does not contain any witness signatures is immaterial.

Warner knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Looking at the totality of the circumstances, Warner understood the rights he was giving up. *Garner v. Mitchell*, 557 F.3d 257, 260-63 (6th Cir. 2009). Inspector Erhardt claims that he advised Warner of his rights and Warner signed the waiver form. Warner's signature on the form is legible and he also included the date and time on the spaces provided. According to Erhardt, Warner was cooperative, spoke calmly, understood what was being said to him, and appeared coherent and rational. Warner does not dispute this characterization of his behavior when signing the waiver and during the interview. While it was recorded that Warner was suffering from a "mental health episode" three hours after the waiver was signed, Warner fails to explain how his episode affected his ability to knowingly waive his rights. Warner presents no other factors besides his mental health which indicate his waiver was not knowing or voluntary. *Abela v. Martin*, 380 F.3d 915, 928 (6th Cir.2004).[1]

---

[1] When determining whether a waiver was made voluntarily and knowingly, a court should consider factors such as: (1) the presence of police coercion; (2) the length of interrogation; (3) the location of interrogation; (4) the continuity of interrogation;

2

Accordingly,

**IT IS ORDERED** that the motion to suppress (R. 45) is **DENIED**.

Signed on August 31, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

(5) the suspect's maturity; (6) the suspect's education; (7) the suspect's physical condition and mental health; and (8) whether the suspect was advised of his Miranda rights. *Abela v. Martin*, 380 F.3d 915, 928 (6th Cir.2004).